IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

C.L. TYSON,

        Plaintiff,

    v.

OREGON JUSTICE DEPARTMENT;
OREGON CHIEF JUSTICE PAUL DeMUNIZ;
THEODORE KULONGOSKI, Governor;
HARDY MYERS, Attorney General;
ADRIENNE NELSON, Oregon Judge;
STEVEN B. REED, Oregon Judge;
JOHN LEWIS, Oregon Judge; and
RANDY WEISBERG, Judge Pro Tem,

        Defendants.

Civil No. 08-914-AC

ORDER TO DISMISS

KING, Judge.

    Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Pursuant to an order entered by the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff begins by alleging a general complaint regarding the treatment of African Americans in the various court of the State of Oregon. Plaintiff alleges African Americans, and all socio-economically deprived persons, are deliberately and systematically denied justice in the Oregon courts as a result of the paucity of African American judges in the state court system. Plaintiff seeks relief from this Court ending the deprivation of rights of African Americans.

Plaintiff then refers to several specific state court cases in which he was involved, and in which he alleges he suffered bias and prejudice as a result of his race. He alleges various state judges took actions in these cases to Plaintiff's detriment. Plaintiff alleges he protested one of the Judge's decisions to the Oregon Attorney General's office, but obtained no relief.

Plaintiff names as Defendants herein the "Oregon State Justice Department," several individual judges, the Governor of the State of Oregon, and the Oregon Attorney General. By way of relief, Plaintiff seeks money damages. Plaintiff also asks this Court to assume oversight of the appointments of all judges in the Oregon court system.

## **STANDARDS**

Where a plaintiff is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that:

(B) the action . . .

    (i)  is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party.  Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt.  McGuckin v. Smith, 974 F.2d

3 - ORDER TO DISMISS -

1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Standing

"Standing is a threshold question in every case before a federal court." McMichael v. County of Napa, 709 F.2d 1268, 1269 (9th Cir. 1983). Standing has both constitutional and prudential limitations. Under Article III, the "irreducible constitutional minimum of standing" requires a showing (1) that plaintiff suffered an "injury in fact;" (2) of a causal connection between the injury and the alleged conduct; and (3) that it is likely that the injury will be redressed by a favorable decision. Lujan v.

Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Central Arizona Water Conservation Dist. v. United States Environmental Protection Agency, 990 F.2d 1531, 1537 (9th Cir.), cert. denied, 510 U.S. 828 (1993).

In addition to the constitutional requirements of standing, a plaintiff must establish "prudential" standing. Central Arizona Water Conservation Dist., 990 F.2d at 1538; Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1081 (9th Cir. 1987); McMichael, 709 F.2d at 1269. Prudential limitations of standing require a plaintiff to (1) assert his own rights, rather than rely on the rights or interests of third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question. Estate of McKinney v. United States, 71 F.3d 779, 782 & n.4 (9th Cir. 1995). Failure to satisfy any of these prudential requirements defeats standing. Id.

The first prudential principle means that a plaintiff does not have standing to complain about the deprivations of the constitutional rights of others. See Powers v. Ohio, 499 U.S. 400, 410 (1991); Estate of McKinney, 71 F.3d at 782 n.4.

Here, to the extent Plaintiff alleges the judges of the State of Oregon generally discriminate against African-American persons

5 - ORDER TO DISMISS -

and those of low socio-economic status, he does not have standing to complain about constitutional violations suffered by them. Accordingly, Plaintiff's general claims of discrimination must be dismissed.

## II. Sovereign Immunity

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

It is well established that absent waiver, the Eleventh Amendment bars a suit in federal court against either a state or an agency acting under its control. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); see also Will v. Michigan Dep't. of State Police, 491 U.S. 58, 63-64, 71 (1989) (state is not a person within the meaning of § 1983). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (quoting Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991)).

To the extent Plaintiff seeks damages or injunctive relief against the "Oregon State Justice Department," his claim is barred by the Eleventh Amendment. Because Plaintiff fails to state a claim against the Oregon State Justice Department upon which relief may be granted under 42 U.S.C. § 1983, the claim must be dismissed.

### III. Judicial Immunity

It is well settled that judges are absolutely immune from liability for damages caused by judicial acts performed in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Forrester v. White, 484 U.S. 219, 225-26 (1987); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump, 435 U.S. at 356-57; Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir.), cert. denied, 488 U.S. 995 (1988). A judge lacks immunity only when performing an act that is not "judicial" in nature, or when acting "in the clear absence of all jurisdiction." Stump, 435 U.S. at 356-57; Schucker, 846 F.2d at 1204.

To the extent Plaintiff seeks money damages from the various state judges named as Defendants in this action, these Defendants are entitled to absolute immunity. Accordingly, Plaintiff's claims must be dismissed under 28 U.S.C. § 1915(e)(2)(iii).

7 - ORDER TO DISMISS -

### III. Personal Involvement

"Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Arnold v. Int'l. Business Machines, Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). It is well established that section 1983 does not impose liability upon state officials for the acts of their subordinates under a respondeat superior theory of liability. Monell v. Department of Social Services of New York, 436 U.S. 658, 691-94 (1978). Rather, state officials are subject to suit under section 1983 only if "they play an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

Plaintiff names the Governor of Oregon and the Oregon Attorney General as Defendants herein. Plaintiff does not, however, allege that either of these individuals were personally involve in the violation of Plaintiff's rights. As such, these Defendants must be dismissed.

### IV. Review of State Court Decisions

Finally, this court possesses "subject matter jurisdiction over general challenges to rules promulgated by state courts in non-judicial proceedings which do not require a review of a final state court judgment in a particular case." Allah v. Superior

8 - ORDER TO DISMISS -

Court of State of California, 871 F.2d 887, 890 (9th Cir. 1989). However, it well settled that this court lacks jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1982); Allah, 871 F.2d at 890-91; Worldwide Church of God v. McNair, 805 F.2d 888, 890-91 (9th Cir. 1986).

To the extent Plaintiff bases his claims in this court upon the alleged acts or failure to act by state judge in particular cases arising out of the various judicial proceedings about which Plaintiff complains, this Court lacks jurisdiction to consider those claims.  Accordingly, Plaintiff's complaint must be dismissed.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order.  Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Expedited Hearing (#4) and Notice of Motion and Motion for Expedited Hearing

9 - ORDER TO DISMISS -

(#5) are DENIED, without prejudice to Plaintiff's right to renew the motion(s) upon compliance with this Order.

    IT IS SO ORDERED.

    DATED this  15  day of October, 2008.

                      /s/Garr M. King
                        Garr M. King
                        United States District Judge